FILED
February 24, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____CM_____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| NAIVID PEREZ SANCHEZ, § <br> § <br> Petitioner-Plaintiff, § <br> v. §    5:26-CV-00626-MA <br> § <br> MIGUEL VERGARA, et al, § <br> § <br> Respondents-Defendants. § <br> § | |

**OPINION AND ORDER**

The Court now considers Petitioner Naivid Perez Sanchez's ("Petitioner") amended "Petition for Writ of Habeas Corpus."[1] Petitioner, who is currently in immigration detention, alleges that Respondents are holding her in unlawful custody cognizable in habeas corpus under 28 U.S.C. § 2241 and seeks immediate release, or, in the alternative, an individualized bond hearing.[2] Upon reviewing the petition, response, and applicable law, the Court **DENIES** Petitioner's writ.

**I.  FACTUAL BACKGROUND**

Petitioner is a citizen and national of Cuba who entered the United States without inspection in 2022.[3] She has been detained at Karnes County Immigration Processing Center since her arrest on August 5, 2025.[4] On October 16, 2025, an immigration judge issued a final removal order against Petitioner with no withholding or deferral of removal.[5] Petitioner timely filed her

---

[1] Dkt. No. 10.
[2] Dkt. No. 10, at 2, 8–9.
[3] Dkt. Nos. 10, at 4; 12, at 2.
[4] Dkt. Nos. 10, at 2; 1-2, at 14.
[5] Dkt. No. 1-2, at 16.

appeal with the Board of Immigration Appeals ("BIA") on November 17, 2026.[6] This appeal remains pending.[7]

Petitioner asserts that she is currently being detained in violation of her due process rights because she has remained in detention following her final removal order unlawfully "without . . . any individualized post-order custody determination, meaningful procedural review, or explanation as to why continued confinement is necessary."[8]

Respondents argue that Petitioner is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2) as interpreted by the Fifth Circuit in *Buenrostro v. Bondi*, which they argue requires them to detain Petitioner without opportunity for release on bond until her appeal of her final removal order is reviewed.[9]

## II. JURISDICTION AND LEGAL STANDARD

A writ of habeas corpus is used to challenge an arrest, commitment, detention, extradition, bail, or the jurisdiction of a criminal sentence.[10] Under 28 U.S.C. § 2241, district courts may hear habeas corpus challenges to the legality of the detention of noncitizens.[11] The petitioner bears the burden of proving, by preponderance of the evidence, that she is being held contrary to the law.[12]

Petitioner is detained in the Karnes County Immigration Processing Center in Karnes City, Texas, within the Western District of Texas.[13] Jurisdiction is properly laid with this Court.

---

[6] Dkt. No. 13, at 2.
[7] Dkt. No. 13, at 2.
[8] Dkt. No. 10, at 2, 7–8.
[9] Dkt. No. 13, at 1–3.
[10] *See Habeas Corpus*, BLACK'S LAW DICTIONARY (11th ed. 2019); 28 U.S.C. § 2241.
[11] *Rasul v. Bush*, 542 U.S. 466, 473 (2004); *see also Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 117 (2020) ("The writ . . . provide[s] a means of contesting the lawfulness of restraint and securing release.").
[12] *Villanueva v. Tate*, No. CV H-25-3364, 2025 WL 2774610, at *4 (S.D. Tex. Sept. 26, 2025) (quoting 28 U.S.C. § 2241(c)(3)).
[13] Dkt. No. 10, at 2.

### III.   ANALYSIS

The parties dispute whether Respondents have statutory authority to detain Petitioner and whether her detention violates the Due Process Clause of the Fifth Amendment. The Court finds, upon review, that Petitioner's detention is lawful.

As Respondents correctly note, the United States Court of Appeals for the Fifth Circuit has interpreted 8 U.S.C. § 1225(b)(2) to require mandatory detention, without the opportunity for a bond hearing, for noncitizens with ongoing removal proceedings who are present in the United States but are not "clearly and beyond a doubt entitled to be admitted."[14] After an entry of a final order of removal for an individual detained under § 1225, detention is governed by 8 U.S.C. § 1231 if the individual does not seek further review, but remains under § 1225 if the noncitizen seeks administrative review of her final order.[15] Because Petitioner appealed her final removal order, she remains a noncitizen with ongoing removal proceedings and is therefore detained pursuant to § 1225.[16] Accordingly, the law mandates that Petitioner be detained without bond until her removal proceedings are concluded.[17]

Having established that Respondents have the lawful authority to detain Petitioner, the Court next considers whether Petitioner has been detained in violation of her due process rights. Detention during the pendency of a noncitizen's removal proceedings is "a constitutionally

---

[14] Dkt. No. 8, at 1 (citing *Buenrostro v. Bondi*, No. 25-20496, ---- F.4th ---- 2026 WL 323330, at *1 (5th Cir. Feb. 6, 2026).
[15] 8 U.S.C. § 1231(a)(1)(B)(i) (providing that the removal period begins on "the date the order of removal becomes administratively final"); *see also Avilez v. Garland*, 69 F.4th 525 (9th Cir. 2023); *Reid v. Donelan*, 64 F. Supp. 3d 271, 276 (D. Mass. 2014) (collecting cases).
 *see also Lora v. Shanahan,* 804 F.3d 601, 614–16 (2d Cir. 2015), cert. granted, judgment vacated, 583 U.S. 1165 (2018) (vacated by on unrelated statutory-interpretation grounds).
[16] *Id.*
[17] *Buenrostro v. Bondi*, No. 25-20496, ---- F.4th ---- 2026 WL 323330, at *1; *see also Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 222–24 (BIA 2025).

permissible part" of the removal process.[18] Unlike detention under § 1231—where, once the removal order is administratively final, continued custody implicates substantive due process concerns and must end when removal is no longer reasonably foreseeable[19]—detention under § 1225 pending review of a final removal order is mandatory and may continue for the duration of the review process.[20] The Supreme Court has made clear that such detention during the pendency of review is required by statute, that no substantive due process right to release attaches, and that the sole procedural protection afforded is the review of the underlying removal order itself.[21] Because Petitioner has received all procedural safeguards afforded her under the Constitution, the Court finds that Petitioner's detention does not constitute a violation of her due process rights.

## CONCLUSION AND HOLDING

For the foregoing reasons, the petition for writ of habeas corpus is **DENIED.** The Clerk of Court is directed to close this case.

IT IS SO ORDERED.
DONE this 24th day of February, 2026, in San Antonio, Texas.

_____
MICAELA ALVAREZ
SENIOR UNITED STATES DISTRICT JUDGE

---

[18] *Denmore v. Kim*, 538 U.S. 510, 526, 530 (2003); *see also Buenrostro v. Bondi*, No. 25-20496, ---- F.4th ---- 2026 WL 323330, at *9.
[19] *Zadvydas v. Davis*, 533 U.S. 678, 689, 699–701 (2001).
[20] *Jennings v. Rodriguez*, 583 U.S. 281, 299–300 (2018) ("[Section] 1225(b)(2) requires detention "for a [removal] proceeding[.]" The plain meaning of those phrases is that detention must continue . . . until removal proceedings have concluded.") (cleaned up).
[21] *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020).