**FILED**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

April 14, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ **CM** _____

DEPUTY

| | | |
|---|---|---|
| NAIVID PEREZ SANCHEZ, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | 5:26-CV-00626-MA |
| | § | |
| MIGUEL VERGARA, et al, | § | |
| | § | |
| Defendant. | § | |
| | § | |

**ORDER**

On February 24, 2026, this Court issued its Opinion and Order[1] denying Petitioner Naivid Perez Sanchez's Petition for Writ of Habeas Corpus. That Opinion and Order fully disposed of all matters before the Court and the case was thus closed. Petitioner, proceeding pro se, has now filed a "Response to DHS Position Regarding Habeas Jurisdiction and Detention."[2]

Petitioner does not state the basis for reconsideration or even assert that she seeks reconsideration Rather, she challenges DHS's position set out in its response filed with this Court before the Court issued it final order. From the filing, the Court cannot determine whether Petitioner even recognizes that the Court has issued a final order. Nonetheless, the Court construes Petitioner's response as a motion for reconsideration.

Petitioner's only avenue for reconsideration is a Rule 60(b) motion for relief from judgment.[3] And pursuant to Rule 60(b), the only possible ground for relief is subsection "(6) any other reason that justifies relief." Very recently, the Supreme Court made it clear that "[a] party seeking Rule 60(b)(6) relief must always demonstrate 'extraordinary circumstances' justifying relief . . ."[4] Unfortunately, Petitioner sets out no extraordinary circumstances and the Court finds

---

[1] Dkt. No. 14.
[2] Dkt. No. 15.
[3] FED. R. CIV. P. 60(b) ("Rule 60(b) [motion] must be made within a reasonable time.").
[4] *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 214 (2025).

none. As was the case while her case was before this Court, it appears that Petitioner remains detained while her appeal is pending with the Board of Immigration Appeals.[5]

Thus, to the extend Petitioner's response is a request for reconsideration, it is **DENIED**.

IT IS SO ORDERED.

DONE this 13th day of April, 2026, in San Antonio, Texas.

_____
MICAELA ALVAREZ
SENIOR UNITED STATES DISTRICT JUDGE

---

[5] *Automated Case Information*, Exec. Off. for Immigration Rev., https://acis.eoir.justice.gov/en/caseInformation (last visited Apr. 13, 2026) (showing case status for A-Number: 240-889-821). The Court does not foreclose that a valid due process claim may arise if Petitioner's appeal remains pending for a prolonged period of time.